UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GELATO DI ROMA
 INTERNATIONAL, INC.,
a foreign corporation,

      Plaintiffs,

v.

JOE GORNALL, an individual;
MARY JULIANA, an individual;
PORNPUN RUNGSAWANG, an individual;
PATANAPONG PATANASAK, an individual; and
GELATO VENTURES, INC., a foreign corporation; jointly and severally,

      Defendants.
_____/

CASE NO. 06-12178
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 22, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants Rungsawang and Patanasak's Motion to Dismiss for Lack of Personal Jurisdiction, filed on June 5, 2006. Plaintiff has filed a response to the Motion, and Defendants Rungsawang and Patanasak have replied. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and affidavits and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the

reasons set forth below, Defendants Rungsawang and Patanasak's Motion to Dismiss is GRANTED.

## II.  BACKGROUND

There are five Defendants in this case: Pornpun Rungsawang, Patanapong Patanasak, Joe Gornall, Mary Juliana, and Gelato Ventures.  Rungsawang and Patanasak are resident aliens of Thai descent who reside in California, and are business partners in five Thai restaurants in California. In January 2005, Gornall and Juliana purchased a Gelato Di Roma franchise ("the Franchise") in California next to a restaurant owned by Rungsawang and Patanasak.  Gelato Di Roma is a Nevada corporation with its principal place of business in Michigan.  Gelato Di Roma licenses franchises to sell gelato (Italian ice cream).  The asset purchase agreement and promissory note ("the Promissory Note") signed by Gornall contained a Michigan choice of law provision and a Michigan forum selection clause.

In May or June of 2005 Gornall and Juliana approached Rungsawang and Patanasak with an offer to make them partners in the franchise.  Rungsawang and Patanasak discussed the matter with Allie Mallad, the president of Gelato Di Roma.  Rungsawang and Patanasak made several phone calls to Mallad in Michigan, and Mallad made several visits to Rungsawang and Patanasak in California.  In August 2005, Rungsawang, Patanasak, Gornall, and Juliana formed a new company, Gelato Ventures.  In September, Gornall transferred his interest in the franchise to Gelato Ventures.  On September 15, 2005, Rungsawang and Patanasak signed a Gelato Di Roma franchise agreement.  Rungsawang and Patanasak also signed a guarantee ("the Guarantee") for the original asset purchase agreement and promissory note signed by Gornall, and for the lease of the franchise premises.  The Guarantee contained a Michigan choice of law provision, but no forum selection clause.

On May 11, 2006, Gelato Di Roma brought suit against Rungsawang, Patanasak, Gornall, Juliana, and Gelato Ventures for breach of contract. Rungsawang and Patanasak filed the instant Motion to Dismiss for Lack of Personal Jurisdiction on June 5, 2006.

### III.  LEGAL STANDARD

Defendants brought this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2). It is well settled that the plaintiff bears the burden of establishing that personal jurisdiction exists in this Court. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Once a defendant has filed its properly supported motion for dismissal, the plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over defendant]." *Theunissen*, 935 F.2d at 1458. When deciding a 12(b)(2) motion, the Court must not weigh the evidence, and the pleadings and affidavits "are received in a light most favorable to the plaintiff." *Id.* at 1459. When the motion is decided on the pleadings and affidavits, "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Id.* at 1458.

### IV.  ANALYSIS

Under Rule 4(e) of the Federal Rules of Civil Procedure, the Court must look to the Michigan long-arm statute, M.C.L.A. § 600.715, to determine whether personal jurisdiction exists in the case at bar. M.C.L.A. § 600.715 provides that:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following

3

relationships:

> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Even if personal jurisdiction is permissible under the long-arm statute, it is still subject to the constitutional restraints of due process. *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the due process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.*

Rungsawang and Patanasak argue that they do not have sufficient contacts with Michigan to satisfy the Michigan long-arm statute or due process requirements. Plaintiff does not dispute this, specifically saying that it "is not alleging that the Michigan Long Arm statute is currently applied to Defendants." Plaintiff's Brief at 20. Instead, Plaintiff argues that Rungsawang and Patanasak consented to personal jurisdiction through a forum selection clause. The forum selection clause Plaintiff refers to is located in the Promissory Note signed by Gornall. The Promissory Note contains the following clause:

> Each of the parties, for themselves and their respective successors, heirs, administrators, and assigns, agrees that exclusive venue for any action initiated by any of the parties pertaining to this Note and the documents entered into in connection therewith shall be brought and/or heard in the County of Wayne, Michigan regardless of the residence or principal place of business of any of the parties or state of organization and the service of process or similar proceeding may

be effected by tendering the relevant documents to the party in accordance with the laws of the State of Michigan and further waive their right to contest said venue or service of process. The parties hereby consent to personal jurisdiction in any action brought with respect to this Agreement.

Rungsawang and Patanasak did not sign the Promissory Note, but Plaintiff argues that they are bound by the forum selection clause through the Guarantee. The Guarantee, which Rungsawang and Patanasak signed, contains the following language:

Guarantors hereby irrevocably and unconditionally guarantee to [Plaintiff] and its successors and assigns: (a) the full and prompt payment and performance when due of the Obligations, and (b) the payment, compliance with and performance of all other obligations, covenants, representations and warranties of every kind, nature and description in accordance with all instruments and documents executed by Gornall in favor of [Plaintiff] . . . .

Plaintiff argues that because Rungsawang and Patanasak guaranteed the Promissory Note, they are bound by the forum selection clause it contained.

There are no Michigan cases dealing directly with the issue of whether a guarantor is bound by a forum selection clause in the underlying agreement. However, the issue has been addressed in other jurisdictions. In *Kimball International Inc. v. Warmack*, No. 88-460-C, 1989 U.S. Dist. LEXIS 2879 (S.D.Ind. Mar. 22, 1989), the Southern District of Indiana considered whether "the forum selection clause contained within the dealer agreement between plaintiff and Office Industrial Furnishers is binding on the guarantor defendants." *Id.* at *5. The court held that:

[T]he guarantors were not parties to the Dealer Contract and are thus not bound by that forum selection clause. The guaranty contracts sued upon in this instance are separate and distinct from the agreement between Office Industrial Furnishers and Kimball. A guaranty is an independent contract to assume liability if the primary obligor defaults in performance or payment.

*Id.* Although the court found that the forum selection clause was not directly binding on the guarantors, it held that the guarantors still had sufficient contacts with the forum state to justify

jurisdiction there.

The Southern District of New York has held that guarantors can be bound by a forum selection clause in the underlying agreement. In *Ameritrust Company National Association v. Chanslor*, 803 F. Supp. 893 (S.D.N.Y. 1992), the court analyzed a document that unconditionally guaranteed all the provisions of the underlying agreement. The court held that because "one of the Trust's obligations under [this] agreement was its consent to New York jurisdiction, the Guarantor's unlimited assumption of the Trust's obligations assumes this consent as well." *Id.* at 896. The court also held that because the guarantee and the underlying agreement were "executed together, they should be interpreted the same way." *Id.*

The Southern District of New York also considered the issue in *Days Inn v. L.A., Inc.*, No. 97 Civ 5476, 1998 U.S. Dist. LEXIS 17268 (S.D.N.Y. Nov. 3, 1998). The court noted that:

> If an underlying contract contains both consent-to-jurisdiction and choice-of-law clauses, a guaranty containing only the choice-of-law clause does not incorporate the contract's consent-to-jurisdiction clause. In such a case, "it [is] reasonable to conclude that the parties [have] carefully distinguished between the two documents, intending only that the guarantors be governed by the substantive law of [the chosen forum], not that they be subject to its jurisdiction as well."

*Id.* at *9 (citations omitted). However, the guarantee in that case contained neither a forum selection clause nor a choice of law clause, and was so broad that it virtually incorporated the underlying agreement by reference. Therefore, the court held that it was reasonable to interpret the forum selection clause in the underlying agreement as binding the guarantor. *Id.* at *10.

Finally, in *De Lage Landed Financial Services, Inc. v. Levine*, No. 02-2991, 2002 U.S. Dist. LEXIS 24751 (E.D.Pa. Dec. 9, 2002), the Eastern District of Pennsylvania held that a guarantor was not bound by the forum selection clause in the underlying lease. The court noted that the guarantor and the lessee were distinct entities, and "the forum selection clause contained in the lease does not,

by itself, manifest [the guarantor's] consent to jurisdiction." *Id.* at *6. The court held that the guarantee was not worded broadly enough to incorporate the forum selection clause in the lease. Furthermore, the lease contained a forum selection clause and a choice of law clause. However, the guarantee only contained a choice of law clause, indicating the parties did not intend the guarantee to incorporate the forum selection clause. *Id.* at *8.

In the instant case, the crux of Plaintiff's argument is that the Guarantee incorporated the forum selection clause in the Promissory Note. Plaintiff argues that Rungsawang and Patanasak guaranteed all "obligations, covenants, representations and warranties of every kind," and that the language is broad enough to encompass the forum selection clause.

The Court does not find this argument persuasive. It is true that in *Ameritrust*, discussed above, the court held that the obligations covered by the guarantor encompassed the forum selection clause. However, the courts in *Days Inn* and *De Lage* noted that when the underlying agreement contained a choice of law clause and a forum selection clause, and the guarantee contained only a choice of law clause, it was an indication that the guarantee did not incorporate the forum selection clause. In the instant case, the Promissory Note contains a choice of law clause and a forum selection clause, but the Guarantee only contains a choice of law clause.

Furthermore, The Michigan Court of Appeals has provided guidance as to when a guarantee and an underlying agreement should be read together. In *DVI Capital Company v. Zelch*, No. 232732, 2003 Mich. App. LEXIS 1742 (Mich. Ct. App. July 22, 2003), the court considered whether a cumulative rights clause and a non-waiver clause in an underlying lease were incorporated into a guarantee. The court noted that documents executed by the same parties, at the same time, and as part of the same transaction, could be read together and construed as one document. However,

because the guarantor was not a party to the underlying lease, the court did not construe the guarantee and lease as one document. *Id.* at *18.

Likewise, in the instant case Rungsawang and Patanasak were not parties to the Promissory Note. Therefore, the Promissory Note and Guarantee cannot be construed as one document. Although they are related, they are separate legal documents with different provisions. Accordingly, Rungsawang and Patanasak are not bound by the forum selection clause in the Promissory Note.

Because Rungsawang and Patanasak are not bound by the forum selection clause, personal jurisdiction is only permissible if it satisfies the Michigan long-arm statute. As discussed above, while the standard is not high, Plaintiff does bear the burden of establishing that personal jurisdiction exists. However, Plaintiff has made no attempt to establish that Rungsawang and Patanasak have sufficient contacts with Michgian to allow jurisdiction pursuant to the long-arm statute. Thus, the Court must grant Rungsawang and Patanasak's Motion to Dismiss for Lack of Personal Jurisdiction.

## V.  CONCLUSION

For the above reasons, Defendants Rungsawang and Patanasak's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. Plaintiff's action is HEREBY DISMISSED without prejudice with regards to Defendants Rungsawang and Patanasak.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 22, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 22, 2006.

                    s/Marie E. Verlinde
                    Case Manager
                    (810) 984-3290